UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
            v.                           :         **MEMORANDUM AND ORDER**
                                         :         11-CR-770-2 (WFK)
WAYNE WILSON,                            :
                                         :
                     Defendant.          :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a motion to vacate a conviction pursuant to 28 U.S.C. § 2255 by Petitioner Wayne Wilson ("Petitioner"). Dkt. 107-1 ("Mot."). On July 31, 2013, Petitioner was convicted by a unanimous jury of one count of conspiracy to distribute marijuana and one count of attempted possession of marijuana with intent to distribute. Dkt. 57 ("Jury Verdict"). Petitioner seeks to vacate his conviction claiming six instances of ineffective assistance of counsel in violation of the Sixth Amendment. Mot. at 3. For the reasons discussed below, Petitioner's motion to vacate his conviction is DENIED in its entirety.

## BACKGROUND

**Offense Conduct**

Petitioner was convicted of conspiracy to distribute marijuana and attempted possession of marijuana with intent to distribute. *See* Jury Verdict. According to the evidence presented at trial, Petitioner, along with Lori Allen and Coretta Womack, two postal employees, conspired to steal parcels of marijuana sent through the United States Postal Service and sell the stolen marijuana. Dkt. 108 ("Response") at 2. Petitioner received the parcels from Allen and Womack and sold them to other drug traffickers. *Id.* Petitioner and his co-conspirators successfully engaged in this scheme for approximately six months before Petitioner's co-conspirators were arrested. *Id.* Ms. Womack implicated Petitioner in her post-arrest interview and arranged a fake marijuana pick-up with Petitioner. *Id.* During the fake pick-up, Womack met Petitioner, who

1

gave her money, took a parcel from her trunk, and placed the parcel in his trunk. *Id.* at 2-3. Petitioner was then arrested. *Id.* at 3.

**Petitioner's Trial**

Petitioner was convicted of one count of Conspiracy to Distribute Marijuana and one count of Attempted Possession of Marijuana with Intent to Distribute after a three day jury trial was held before this Court on July 29, 30, and 31, 2013. *See* Jury Verdict; Dkt. Entry 7/29/2013; Dkt. Entry 7/30/2013; Dkt. Entry 7/31/2013.

During the trial, the Government presented the following witnesses during its case-in-chief: Postal Inspector Randy Jimenez, Special Agent Steven DeMayo, Postal Inspector Richard Gutierres, Customs and Border Patrol Officer Victor Khzam, Diane Duncan (the manager of the Rosedale Post Office at the time of the conspiracy), and Sherry Golson (an employee at the Rosedale Post Office). *See* Dkt. Entry 7/29/2013; Dkt. Entry 7/30/2013. The Defense rested without presenting any evidence or witnesses. *See* Dkt. Entry 7/30/2013; Dkt. 117 ("Tr. II") at PDF 163-64. The jury returned a unanimous verdict finding Petitioner guilty of both Conspiracy to Distribute Marijuana and Attempted Possession of Marijuana with Intent to Distribute . *See* Jury Verdict; *see also* Dkt. 118 ("Tr. III") at PDF 150-53.

On February 3, 2015, Petitioner was sentenced to thirty-three months' imprisonment on each count to run concurrently, three years' supervised release, and the mandatory $200 special assessment. Dkt. 94 ("Sentencing Minute Entry"); Dkt. 107 ("Affidavit") at ¶ 2. Petitioner began serving his sentence on June 30, 2015. Dkt. 103 ("Order Denying Adjournment").

**Instant Motion to Vacate Petitioner's Conviction**

On June 30, 2015, Petitioner, represented by appellate counsel, filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. *See* Mot. Petitioner argues his Sixth Amendment

right to effective assistance of counsel was violated when trial counsel (1) failed to move to suppress Petitioner's post-arrest statements; (2) failed to formulate a trial strategy; (3) failed to review and investigate evidence; (4) failed to discuss and review a plea offer with Petitioner; (5) failed to call certain individuals as witnesses at trial; and (6) failed to cross-examine the Government's witnesses. *Id.* at 3-8; Affidavit at ¶ 4. Petitioner also requested the Court hold an evidentiary hearing on the motion. Dkt. 109 ("Reply") at 4-7.

On October 15, 2015, this Court held a non-evidentiary hearing on Petitioner's request to vacate his conviction on the grounds of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. Dkt. 119 (Non-evidentiary hearing minute entry). At the hearing, the Court reserved its decision on Petitioner's motion to vacate his conviction. The parties were required to submit proposed findings of fact and conclusions of law by November 20, 2015. Dkt. 115 ("Scheduling Order"); Dkt. 120 (Defense Response); Dkt. 121 (Government Response).

Based on the Court's non-evidentiary hearing, the materials submitted by both parties, and for the reasons discussed directly below, Petitioner's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 is DENIED in its entirety.

## DISCUSSION

### I. Legal Standard

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. "Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a [petitioner] must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687). "It is the accused's 'heavy burden' to demonstrate a

3

constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential[;] . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

A district court need not conduct an evidentiary hearing where the record is sufficient to deny the petition. As the Second Circuit has stated:

> It is within the district court's discretion to determine whether a hearing is warranted. Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits[,] and written interrogatories. After expanding the record, the district court then decides if an evidentiary hearing also is required. Our precedent disapproves of summary dismissal of petitions where factual issues exists, but it permits a middle road of deciding disputed facts on the basis of written submissions.

*Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks and citations omitted).

## II. Analysis

### A. Failure to Move to Suppress Evidence

Petitioner first challenges his conviction on the basis he was denied effective assistance of counsel because trial counsel failed to move, "pursuant to 18 U.S.C. § 3501 for a hearing on the legal propriety of the confession." Mot. at 4; *see also* Affidavit at ¶¶ 5-9. Petitioner alleges, through an affidavit by his appellate counsel but not his own affidavit, that his confession should have been suppressed because he was never provided with *Miranda* warnings. Affidavit at ¶ 5.

Under the first *Strickland* prong, it is well-settled that "strategic decisions regarding the challenging of evidence and witnesses cannot be second-guessed in an effort to support an ineffective assistance of counsel claim." *Mejia v. United States*, 862 F. Supp. 2d 263, 277 (E.D.N.Y. 2012) (Wexler, J.) (internal citations omitted). A decision whether or not to file a suppression motion is one such tactical decision that courts generally will not disturb. *See, e.g., United States v. Jacobs*, 270 F. Supp. 2d 293, 298 (D. Conn. 2003) (Underhill, J.) (describing decision not to proceed with a suppression motion as a "sound tactical decision"). Here, trial counsel likely made a sound tactical decision in deciding not to move to suppress Petitioner's confession. For example, had Petitioner sworn to a false affidavit in support of a motion to suppress, the affidavit could have been used to impeach Petitioner at trial or, worse, open the door for the Government to seek an obstruction of justice enhancement at Petitioner's sentencing. *See United States v. Jaswal*, 47 F.3d 539, 543 (2d Cir. 1995) (noting testimony at a suppression hearing can be used to impeach at trial); Response at 9-10 (indicating Government would have sought obstruction of justice enhancement for submission of a false affidavit). Accordingly, trial counsel was not deficient for failing to move for to suppress Petitioner's confession.

Furthermore, under the second *Strickland* prong, Petitioner has failed to show that he was prejudiced by trial counsel's failure to move to suppress the confession. As an initial matter, the evidence presented at trial provided a clear account of Petitioner's waiver of his *Miranda* rights by signing, initialing, and writing the date and time on the *Miranda* warnings form. Dkt. 116 ("Tr. 1") at 150-53. Indeed, Special Agent DeMayo specifically testified Petitioner knowingly waived his *Miranda* rights and then proceeded to detail his involvement in the charged scheme. *Id.* at 153-56. In addition, the other evidence against Petitioner, including testimony by Sherry Golson, another postal service employee, who stated he had confessed his involvement in the conspiracy to her after his arrest, was overwhelming. Tr. II at PDF 156-57. Petitioner, therefore, has failed to show that either his confession would have been suppressed or that, had it been suppressed, the outcome would have been different.

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### B. Failure to Formulate a Trial Strategy

Petitioner next alleges trial counsel's performance was constitutionally ineffective because trial counsel allegedly failed to develop a trial strategy. Mot. at 3; Affidavit at ¶¶ 11, 15. Specifically, Petitioner alleges trial counsel's only strategy was to identify Petitioner as a "bit player" and to stress that Petitioner possessed only $340 on his person when arrested, which was inconsistent with the Government's allegations Petitioner was involved in thousand-dollar drug transactions. Affidavit at ¶ 15.

Under the first prong of *Strickland*, "[i]t is not in the trial court's power to second-guess trial counsel's defense strategy simply because the chosen strategy has failed." *DiMattina v. United States*, 949 F. Supp. 2d 387, 414 (E.D.N.Y. 2013) (Weinstein, J.) (internal quotation marks and citations omitted). Further, "[p]erceptive Monday morning quarterbacking . . . does

not trump well-reasoned, on-the-scene decision making." *Id.* A petitioner, therefore, faces an uphill battle in challenging a trial counsel's trial strategy as constitutionally ineffective because it is, by its very terms, a strategic decision best left undisturbed.

Here, Petitioner is wholly unable to show trial counsel's was deficient in this regard because trial counsel did, in fact, have a trial strategy even if it ultimately was unsuccessful. Throughout the trial, trial counsel argued Petitioner was his alleged co-conspirators' "sacrificial lamb," and that the Government's circumstantial evidence was consistent with Petitioner having a legitimate, non-illegal working relationship with his alleged co-conspirators. *See* Tr. III at PDF 70, 75-77; *see also* Tr. I at 126 (identifying Petitioner as a "bit player"). Trial counsel also stressed the small amount of money Petitioner had on him at the time of his arrest because such a sum is inconsistent with both the Government's portrayal of Petitioner as a major drug dealer and the jury's likely mental image of a drug dealer. *See, e.g.*, Tr. I at 158; Tr. II at PDF 93; Tr. III at PDF 68, 72, 74, 77. Lastly, trial counsel focused on the inability of the Government to definitively prove Petitioner knew what was in the container Womack provided to him during the staged pick-up. *See, e.g.*, Tr. II at 66-67; Tr. III at PDF 69-70, 75. Trial counsel, therefore, not only had a trial strategy but effectively wove his strategy throughout his opening statements, defense, and summation. Petitioner, accordingly, has failed to show counsel's performance was deficient.

Further, Petitioner had failed to show prejudice under *Strickland*'s second prong. Petitioner does not present a strategy that he believes would have worked better. Further, as mentioned previously, the evidence against Petitioner was overwhelming considering his confessions to law enforcement and to another postal service employee after his arrest, as well as the numerous witnesses bolstering the Government's case. *See generally* Tr. I at 126-88; Tr. II.

Petitioner accordingly has failed to prove the outcome would have been different had trial counsel engaged in some other, un-identified trial strategy.

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### C. Failure to Review and Investigate Evidence

Petitioner also challenges his conviction claiming trial counsel was constitutionally ineffective for failing to review and investigate evidence. Mot. at 4-5; Affidavit at ¶¶ 8-10.

Under *Strickland*'s deficiency prong, "counsel has a duty to investigate" and "[c]ounsel's decision not to investigate must be assessed for reasonableness under the circumstances." *Castellano v. United States*, 795 F. Supp. 2d 272, 277 (S.D.N.Y. 2011) (Marrero, J.) (internal citations omitted). To succeed on a claim of ineffective assistance of counsel based on counsel's failure to investigate, however, a petitioner must provide evidence that would have undermined confidence in the jury verdict. *See, e.g., id.* at 279 (noting petitioner provided affidavits but nonetheless failed to identify "any testimony the proffered witnesses would have offered . . . that would have undermined confidence in the jury verdict").

Here, Petitioner has wholly failed to identify any piece of information trial counsel should have or would have obtained had trial counsel conducted further investigation that would have undermined the confidence in the jury's guilty verdict. Petitioner notes only that "other facts would have been unearthed," and states counsel could have determined who else was present when Petitioner was interrogated at Kennedy Airport or dove deeper into documents provided as 3500 material. Mot. at 4-5; Affidavit at ¶¶ 8-9. Moreover, the "additional party" present at the interrogation, however, was Special Agent DeMayo, who testified at the trial and who signed the bottom of the consent to search form which Petitioner signed. *See* Affidavit at 10 ("Ex. A"). No further investigation on that point, therefore, was warranted. Accordingly,

Petitioner has failed to identify any evidence that trial counsel should have or could have found that would have undermined the confidence in the jury verdict.

Petitioner is unsuccessful under the second prong of *Strickland* for the same reasons. Because Petitioner has failed to identify any evidence trial counsel should have investigated to undermine the confidence in the jury verdict, Petitioner has failed to establish that but for trial counsel's error, the jury verdict would have been different. *See Castellano*, 795 F. Supp. 2d at 279 (citation omitted).

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### D. Failure to Discuss and Review a Plea Offer with Petitioner

Petitioner also argues his conviction should be vacated based on ineffective assistance of counsel because trial counsel advised him not to pursue a plea since "the offer for [Petitioner] should have been for a lower sentence than that offered to the corrupt government employees." Affidavit at ¶ 14.

The two-part *Strickland* test applies to the plea-bargaining process, and criminal defendants are entitled to the effective assistance of competent counsel during plea negotiations. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citations omitted). "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Deficiency is generally shown by "a complete failure to render advice. [Counsel's] miscalculations regarding the Government's willingness to negotiate a more favorable deal or restore its initial plea offer represent, at best, strategic errors that are virtually unchallengeable." *Lake v. United States*, 465 F. App'x 33, 35 (2d Cir. 2012) (internal quotation marks and citations omitted). To show prejudice in the context of plea negotiations, "a

defendant must show that but for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385 (italics in original).

Petitioner has failed to show either deficiency or prejudice here required by *Strickland*. Under the deficiency prong, Petitioner admits trial counsel did everything he was constitutionally required to do so – trial counsel advised Petitioner of the plea deal and presented his opinion of the deal to Petitioner. Affidavit at ¶ 14; *see also Lake*, 465 F. App'x at 35. Trial counsel's error in believing the Government would return with a better deal rather than proceeding to trial is insufficient to establish deficient performance under *Strickland*. *Lake*, 465 F. App'x at 35. Further, Petitioner fails to allege that he would have pleaded guilty to the proffered plea deal, but only states "a negotiated plea should have been pursued." Affidavit at ¶ 14. Petitioner, therefore, has failed to allege prejudice.

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### E. Failure to Call Lori Allen and Unnamed Others as Witnesses

Petitioner next asserts trial counsel's performance was constitutionally deficient because he failed to call Lori Allen, one of Petitioner's co-conspirators, as a witness, and failed to call any character witnesses to testify to Petitioner's character. Mot. at 5; Affidavit at ¶¶ 10, 13. Petitioner alleges Lori Allen would have testified she "had no knowledge of any illegal activities on the part of" Petitioner, thereby challenging the Government's allegations that the two were co-conspirators in a drug distribution scheme. Mot. at 5; Affidavit at ¶ 10. Petitioner also

alleges unnamed and unidentified character witnesses would have testified to his good reputation. Affidavit at ¶ 13.

"The decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." *Lacey v. Perez*, 10-CV-1460, 2013 WL 1339418, at *11 (E.D.N.Y. Mar. 28, 2013) (Feuerstein, J.) (internal quotation marks and citation omitted). "Decisions which fall squarely within the ambit of trial strategy, if reasonably made, will not constitute a basis for an ineffective assistance claim." *Id.* (internal quotation marks, ellipses, and citation omitted). Further, "counsel's decision as to whether to call specific witnesses – even ones that might offer exculpatory evidence – is ordinarily not viewed as a lapse in professional representation." *United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) (internal quotation marks and citations omitted).

Here, both of Petitioner's contentions regarding trial counsel's failure to call witnesses fail to meet the *Strickland* standard. Regarding Petitioner's allegations that trial counsel should have called character witnesses, whom Petitioner wholly fails to identify, the Second Circuit has held "the decision whether to expose a defendant to [a character-based] attack is surely a tactical decision that cannot be second guessed." *Best*, 219 F.3d at 202. With respect to Lori Allen's testimony, trial counsel was not deficient for failing to call Lori Allen because Ms. Allen "had already pled guilty to her involvement in the conspiracy but had not yet been sentenced." Response at 11. Ms. Allen, therefore, "would have been forced to admit her involvement in the conspiracy and describe details of how it operated to the jury." *Id.* Further, had Ms. Allen been called to testify, the Government would have been able to cross-examine her regarding Ms. Womack's role in the conspiracy and that of the "unknown sellers," testimony which was likely

to fit with the Government's theory of the case that there was a conspiracy to steal drugs from the Rosedale Post Office in which Petitioner was involved, rather than with the Defense's theory that Petitioner was not a party to the conspiracy. *Id.*

Petitioner has also failed to show he was prejudiced by trial counsel's failure to call either Lori Allen or the unnamed character witnesses because he has not established how the result of the proceedings would have been different had trial counsel called these witnesses. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Petitioner has merely suggested calling such individuals might have been helpful to his case. This is insufficient to meet the prejudice prong under *Strickland*.

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### F. Failure to Cross-Examine Government Witnesses

Petitioner last argues trial counsel was constitutionally ineffective because he failed to effectively cross-examine Postal Inspector Jimenez or Special Agent DeMayo. Mot. at 6; Affidavit at ¶ 12.

"Decisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) (internal quotation marks, ellipses, and citation omitted).

Here, Petitioner "fails to overcome the presumption that his [trial] counsel's choices on cross-examination might be considered sound trial strategy." *Drayer v. United States*, 50 F. Supp. 3d 382, 393 (E.D.N.Y. 2014) (Spatt, J.) (internal quotation marks and citations omitted). Although Petitioner argues trial counsel's cross-examination of Postal Inspector Jimenez and Special Agent DeMayo "made no points beneficial to the defense," such an allegation is not

supported by the record. Affidavit at ¶ 12. First, trial counsel was able to elicit evidence that Petitioner was not carrying $500, which was the value of the (fake) package of marijuana he received, and further was able to point to mistakes in Special Agent DeMayo's testimony. *Id.*; *see also* Tr. I at 158-59, 166; Tr. II at PDF 65-68. Further, even Petitioner conceded that trial counsel "end[ed] the cross examination on one positive point, to wit: that the [Petitioner] had legitimate business transactions with the two postal workers in the past." Affidavit at ¶ 12; *see also* Tr. II at PDF 72-73. As this was part of trial counsel's theory of the case, that Petitioner had legitimate relationships with his alleged co-conspirators, this was a big point in Petitioner's favor. Petitioner, therefore, has failed to show deficient performance because the record establishes trial counsel was effective during the challenged cross-examinations.

With respect to the prejudice prong of *Strickland*, Petitioner has also failed to show that, but for Trial counsel's allegedly ineffective cross-examinations, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). As discussed above, the evidence against Petitioner was overwhelming considering his confessions to law enforcement and Sherry Golson after his arrest, as well as the numerous witnesses bolstering the Government's case. *See generally* Tr. I at 126-88; Tr. II.

Accordingly, Petitioner's motion to vacate his conviction on this basis is DENIED.

### G. Petitioner's Request for an Evidentiary Hearing

The Court concludes that an evidentiary hearing is unnecessary because Petitioner has failed to submit an affidavit supporting his claims, this Court is in possession of the full case record, this Court presided over Petitioner's challenged trial, and Petitioner's motion and the record of this case conclusively demonstrate Petitioner is not entitled to *habeas* relief. *See, e.g.*,

*Puglisi v. United States*, 586 F.3d 209, 216-18 (2d Cir. 2009) (holding evidentiary hearing would be fruitless when *habeas* petitioner failed to provide his own affidavit and only provided an affidavit of counsel); *Marcus v. United States*, 14-CV-5780, 2015 WL 3869689, at *9 (E.D.N.Y. June 22, 2015) (Ross, J.) (holding petitioner's allegations "made as representations to counsel and not as sworn statements contained in a supporting affidavit[] lack any objective basis and are not sufficient to raise disputed issues of fact entitling [petitioner] to a hearing."); *Brown v. United States*, 03-CV-3909, 03-CV-4371, 2010 WL 2594640, at *12 (E.D.N.Y. June 23, 2010) (Dearie, J.) (finding no hearing required based on the Court's "[h]aving presided over petitioner's . . . trial[] and based on the submissions[.]"). Accordingly, Petitioner's request for an evidentiary hearing is DENIED.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: November 23, 2015
Brooklyn, New York